Robert M. Barta (SBN: 108205)
rbarta@bartagoldberg.com
**BARTA | GOLDBERG**
1801 Century Park East, Suite 1200
Los Angeles, California 90067
Telephone: (310) 479-1454
Facsimile: (310) 478-1439

Attorneys for Defendant
Leonardo DiCaprio

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC,<br><br>Plaintiff,<br>v.<br><br>LEONARDO DICAPRIO,<br><br>Defendant. | Case No. 2:23-CV-09279-ODW-SSC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Honorable Otis D. Wright II<br><br>Date:  December 16, 2024<br>Time:  01:30 p.m.<br>Ctrm:  5D |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. STANDARD ON A 12(B)(6) MOTION TO DISMISS ....................................2

III. THE DISPLAY OF CNN'S VIDEO WAS "FAIR USE" UNDER THE COPYRIGHT ACT AND NOT AN INFRINGEMENT ...................................3

    A. The Purpose and Character of the Use Weighs in Favor of Fair Use Because It Was for Nonprofit Education Purposes and Transformed the Character of the Video ........................................................................................4

    B. The Nature of the Video is Informational and It Was Previously Published ...........................................................................................................7

    C. The Portion of the Work Used Was Justified and Necessary for the Purpose of the Use ............................................................................................8

    D. There Has Been No Alleged or Likely Effect of the Use on the Potential Market for or Value of the Video......................................................................9

IV. CONCLUSION ................................................................................................11

ii

REPLY IN SUPPORT OF DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

# TABLE OF AUTHORITIES

**Cases**

*Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023) ..........................................................................................................................4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...........................................................................2

*Campbell v. Acuff-Rose Music, Inc*., 510 U.S. 569 (1994)......................................4, 13

*Christianson v. W. Pub. Co*., 149 F.2d 202 (9th Cir. 1945) ..........................................3

*Duckhole Inc. v. NBC Universal Media LLC*, CV–12–10077–BRO, 2013 WL 5797279 (C.D. Cal. Sept. 6, 2013) ...........................................................................3

*Google LLC v. Oracle America, Inc.*, 593 U. S. 1, 141 S.Ct. 1183, 209 L.Ed.2d 311 (2021) ................................................................................................................9, 12

*Hustler Magazine Inc. v. Moral Majority Inc*., 796 F.2d 1148 (9th Cir. 1986) ............7

*Kennedy v. Paramount Pictures Corp*., 12CV372–WQH–WMC, 2013 WL 1285109 (S.D.Cal. Mar. 27, 2013) ........................................................................................3

*Leadsinger, Inc. v. BMG Music Pub*., 512 F.3d 522 (9th Cir. 2008) ............................2

*MCA, Inc. v. Wilson*, 677 F.2d 180 (2d Cir. 1981)........................................................7

*McGucken v. Pub Ocean Limited,* 42 F.4th 1149 (9th Cir. 2022)..................................8

*Monge v. Maya Mags*., 688 F.3d 1164 (9th Cir. 2012) .................................................9

*Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984)........................................................2

*Wright v. Warner Books, Inc.* 953 F.2d 731 (2d Cir. 1991) ........................................12

*Zella v. E.W. Scripps Co*. (C.D. Cal. 2007) 529 F.Supp.2d 1124 ................................3

**Statutes**

17 U.S.C. § 107................................................................................. 4, 8, 9, 10, 13

## I. INTRODUCTION

In his Motion to Dismiss (Dkt. 28, "Motion"), Defendant Leonardo DiCaprio ("DiCaprio") established that Plaintiff Global Weather Productions, LLC's ("Plaintiff") claim for copyright infringement is barred by the affirmative defense of fair use, because even if all factual allegations in the Amended Complaint are taken as true, Plaintiff does not present a legally sufficient claim for relief. In response, Plaintiff attempts to place the pleading burden on DiCaprio, simultaneously arguing both that DiCaprio failed to introduce evidence in support of his defense and also that he is prohibited from doing so, notwithstanding that no evidence is necessary for a finding of fair use where the factors are satisfied by the face of the complaint. Plaintiff also repeatedly and untruthfully asserts that DiCaprio admits to Plaintiff's legal conclusions, including that the use of the CNN Video was unlawful (*see* Dkt. 29, Plaintiff's Opposition to Motion to Dismiss ("Opp."), p. 10) and that he did not transform the CNN Video (Opp., p. 11), when DiCaprio's Motion in fact establishes that the alleged use was transformative, lawful and non-infringing. Plaintiff's arguments also tend to be circular and legally incorrect. Because the fair use exception applies to the use alleged here, Plaintiff's Amended Complaint should be dismissed without leave to amend.

## II.     STANDARD ON A 12(B)(6) MOTION TO DISMISS

Plaintiff ignores that the Court is not required to accept as true legal conclusions couched as factual allegations and that a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff also incorrectly argues that the Court may not decide affirmative defenses, including fair use, based on the face of a complaint, ignoring Plaintiff's own cited authority which notes that same is not true when the defense raises no disputed issues of fact, as is the case here. *See* Opp., p. 8; *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). As explained in the Motion, a court may properly dismiss a copyright claim on the basis of a fair use defense at the pleadings stage. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 529-530 (9th Cir. 2008) (resolution of the fair use issue at the motion to dismiss stage was proper). In fact, "[t]he Ninth Circuit has long held that non-infringement can be determined on a motion to dismiss. If 'the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss.'" *Duckhole Inc. v. NBC Universal Media LLC*, CV–12–10077–BRO, 2013 WL 5797279, at *5 (C.D. Cal. Sept. 6, 2013) (*citing Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945); *Zella v. E.W. Scripps Co*. (C.D. Cal. 2007) 529 F.Supp.2d 1124, 1130 ("For fifty years, courts have followed this rather obvious principle and dismissed copyright claims that fail from

the face of the complaint."); *Kennedy v. Paramount Pictures Corp.*, 12CV372–WQH–WMC, 2013 WL 1285109 (S.D.Cal. Mar. 27, 2013) (granting a plaintiff's motion to dismiss because a copyrighted work was not substantially similar to defendant's depiction of characters, plot, and themes in Titanic)).

In asserting that the Court should deny the Motion at this stage, Plaintiff improperly relies on and overstates the impact on this case of *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023) ("*Warhol*"), which did not hold that courts cannot or should not grant motions to dismiss based on the affirmative defense of fair use. Instead, the opinion was limited to analysis of the first factor of fair use, and the Court held that the Andy Warhol Foundation's use of a photograph was not fair use. *Id*. The Court found that the purpose of the subject use of the photograph was substantially similar to that of the original photograph; both were portraits of Prince used in magazines to illustrate stories about Prince for a commercial purpose. *Id*, at 511.

### III. THE DISPLAY OF CNN'S VIDEO WAS "FAIR USE" UNDER THE COPYRIGHT ACT AND NOT AN INFRINGEMENT

Plaintiff's arguments as to the analysis of the "fair use" factors do not overcome the applicability of the defense to the use alleged in the Amended Complaint. 17 U.S.C. § 107; *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576-77 (1994).

### A. The Purpose and Character of the Use Weighs in Favor of Fair Use Because It Was for Nonprofit Education Purposes and Transformed the Character of the Video

"[T]he first fair use factor [] focuses on whether an allegedly infringing use has a further purpose or different character, which is a matter of degree, and the degree of difference must be weighed against other considerations, like commercialism." *Warhol*, 598 U.S. at 525 (*citing Campbell*, 510 U.S. at 579).

Regarding this factor, Plaintiff essentially argues (1) that the purpose of the DiCaprio's Account's ("Account") use of the CNN Video simply must be the same as the original use of the Video by CNN, while providing no support for such an assertion (Opp., p. 12); and (2) that because the Account has many followers, the use must be commercial in purpose. *See* Opp., pp. 10-11. Neither argument passes muster.

CNN used the Video for commercial purposes in furtherance of its news reporting business, but that use does not determine the purpose or nature of any subsequent use by DiCaprio. Plaintiff asserts that DiCaprio's followers turn to the Account for news updates (Opp., pp. 12-13), which Plaintiff did not allege in its Amended Complaint and for which there is no factual support. But there is no question that DiCaprio is not a news reporter, and neither the Account nor the linked in nonprofit organization Re:wild is a news or weather outlet. Nor does the fact that

CNN paid for the Video affect the purpose of the Account's subsequent use of the Video.

Plaintiff also attempts to rely on DiCaprio's status as a celebrity and the Account's millions of followers to jump to the conclusion that the use of the Video must be commercial (Opp., pp. 10-11), but a large audience or the renown of a celebrity do not determine whether a use is commercial in nature.

Plaintiff further argues that DiCaprio "fails to allege that he made no profit from the infringement post, that he does not profit from the Account, or that the environmental content does not bolster his advertisement revenue or revenue to his business 'Re:wild.'" Opp., p. 10. However, DiCaprio need not make any allegations at all in a motion to dismiss based on the pleadings, and a determination that the Post was not commercial in nature does not require DiCaprio to make any such allegations. Indeed, Plaintiff's argument perfectly highlights the nonprofit nature of the Post containing the CNN Video. Re:wild is a nonprofit organization, as clicking through the link in DiCaprio's Instagram Account to rewild.org reveals: "Founded by a group of renowned conservation scientists together with Leonardo DiCaprio and combining more than 35 years of conservation impact, Re:wild…brings together Indigenous peoples, local communities, influential leaders, nongovernmental organizations, governments, companies, and the public to protect and rewild at the scale and speed we need." See https://www.rewild.org/about-us (last visited Nov. 30,

2024). "[O]ur board covers all of Re:wild's operational expenses so that the donations of all of our additional supporters go 100% to our programs…Our commitment to programmatic impact has allowed us to earn the highest ratings from nonprofit watchdog groups…" See https://www.rewild.org/financials (last visited Nov. 30, 2024). It's clear that the Post was not promoting a business for which DiCaprio hoped to make a profit, but a nonprofit, charitable organization intended to further environmental efforts. Whether DiCaprio received any incidental benefit personally from the Post or use of the CNN Video does not change the determination that the use was not commercial and had a plainly nonprofit purpose. Even if the Post did have some commercial use component, when the use has both commercial and non-profit characteristics, the court may consider "whether the alleged infringing use was primarily for public benefit or for private commercial gain." *Hustler Magazine Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1153 (9th Cir. 1986) (*citing MCA, Inc. v. Wilson*, 677 F.2d 180, 182 (2d Cir. 1981).

Plaintiff further asserts that the Court should not "becom[e] a judge of artistic purpose and character…," (Opp., p. 14), "[b]ut the meaning of a secondary work, as reasonably can be perceived, should be considered to the extent necessary to determine whether the purpose of the use is distinct from the original, for instance, because the use comments on, criticizes, or provides otherwise unavailable information about the original, [citation]." *Warhol*, 598 U.S. at 544–545. The Court

may and should determine that the Account's use of the CNN Video was transformative, as it was used to demonstrate climate change patterns for a nonprofit purpose instead of reporting about the hurricane as part of a news reporting business.

In sum, CNN originally used the CNN Video to report on the news of the hurricane in the Bahamas on its news outlets. DiCaprio's Account, which is not a news outlet, used the CNN Video in the Post to comment on and advance awareness about the effects of climate change, a transformation in purpose addressing issues beyond those raised in connection with the CNN Video, and the Post was not made for a commercial purpose, but in furtherance of nonprofit, conservationist efforts. The first factor favors a finding of fair use.

### B. The Nature of the Video is Informational and It Was Previously Published

The second fair use factor looks to the nature of the plaintiff's work. 17 U.S.C. § 107. In assessing the copyrighted work's nature, we consider "the extent to which it is creative and whether it is unpublished." *McGucken v. Pub Ocean Limited,* 42 F.4th 1149, 1161 (9th Cir. 2022) (*citing Monge v. Maya Mags*., 688 F.3d 1164, 1177 (9th Cir. 2012)). "Because those principles apply across a wide range of copyrightable material, from books to photographs to software, fair use is a 'flexible' concept, and 'its application may well vary depending on context.' [Citation.] For example, in applying the fair use provision, 'copyright's protection may be stronger where the copyrighted material ... serves an artistic rather than a utilitarian function.'" *Warhol*,

598 U.S. at 527 (*citing Google LLC v. Oracle America, Inc.*, 593 U. S. 1, 141 S.Ct. 1183, 1197, 209 L.Ed.2d 311 (2021)). Plaintiff does not provide any meritorious rebuttal to DiCaprio's argument that the Video is not creative in nature. Instead, Plaintiff incorrectly asserts that the fact that the video is copyrightable makes it artistic. There is no logic or support for that assertion, and this factor weighs in favor of a finding of fair use.

### C. The Portion of the Work Used Was Justified and Necessary for the Purpose of the Use

"The third factor asks whether the amount and substantiality of the portion used in relation to the copyrighted work as a whole ... are reasonable in relation to the purpose of the copying." 17 U.S.C. § 107. For this factor, Plaintiff incorrectly asserts that DiCaprio makes adverse admissions of fact in connection with his Motion to Dismiss, ignoring that DiCaprio explicitly only accepts Plaintiff's factual allegations, and not conclusions, as true for purposes of the Motion. Plaintiff also states that DiCaprio does not argue why he could not have used any other video, but Plaintiff does not explain why or how that factor should be considered in the context of the Motion. The CNN Video is credible, as having come from a trusted news source, and, with the Account's commentary, was intended to make viewers think about the impacts of global warming. This factor weighs in favor of fair use.

### D. There Has Been No Alleged or Likely Effect of the Use on the Potential Market for or Value of the Video

The fourth and final factor is "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. Plaintiff has not alleged any facts relating to this factor, notwithstanding that it filed an Amended Complaint after DiCaprio raised this issue in his Motion to Dismiss the original Complaint. *See* Amended Complaint, Dkt. 26 ("Am. Compl."), Dkt. 22; *Savage v. Council on American-Islamic Relations, Inc*., C 07-6076 SI, 2008 WL 2951281, *9 (N.D. Cal. Jul. 25, 2008) (dismissing copyright claim on a motion for judgment on the pleadings where plaintiff failed to allege an impact on the actual or potential sale, marketability or demand for the original copyrighted work). Plaintiff likely cannot do so, because there was no such harm. Plaintiff alleges that it discovered the alleged infringement on September 14, 2022, years after the Video was first published (Am. Compl., ¶ 35), and then subsequently acquired the rights to the Video on June 4, 2023 (Am. Compl., ¶ 20), presumably for the opportunistic purpose of pursuing a claim and shaking out a settlement payment from DiCaprio.

The only reference to a market for the Video Plaintiff makes is of three "major news sources" that licensed the Video. Am. Compl., ¶ 19. However, Plaintiff has not articulated any way in which the Account's posting of the CNN Video poses a threat to Plaintiff's actual or potential revenue or market. Instead, Plaintiff makes confusing arguments that celebrities should not be allowed to create news through their social

media accounts. To the extent DiCaprio understands this argument, he responds that he was not "creating news," nor was he reporting news. He was furthering nonprofit environmentalist efforts to educate and motivate people about climate change.

Plaintiff also asserts that "CNN believed it was receiving breaking news and exclusive coverage as the Video" (Opp., p. 20), but Plaintiff alleges in the Amended Complaint that the Video also had been licensed to at least two other "major news sources" (Am. Compl., ¶ 19), meaning that CNN did not receive exclusive coverage. In any event, the CNN Video displayed on the Account necessarily was posted after CNN published the Video, and the Post tagged and credited CNN for the CNN Video. There is no allegation that CNN had any objection to DiCaprio's reposting of the Video or that CNN believes the Post diminished the value to CNN of the Video. Again, there is no allegation that users who saw the Post were less likely to watch the news. The opposite is more likely true.

Finally, the analysis of the fourth factor also "take[s] into account the public benefits the copying will likely produce." *Google*, *supra,* 141 S. Ct. at 1206; see also *Wright v. Warner Books, Inc.* 953 F.2d 731, 739 (2d Cir. 1991) ("Analysis of this factor requires us to balance the benefit the public will derive if the use is permitted ....") (internal quotation marks omitted). The main purpose of the Account is to educate people about ongoing environmental issues, to raise awareness and to motivate people to contribute to environmental causes, including, as with the subject

Post, fighting climate change, including through the linked nonprofit organization Re:wild.

Accordingly, this factor weighs in favor of a determination of fair use. Moreover, "Market harm is a matter of degree, and the importance of this factor will vary, not only with the amount of harm, but also with the relative strength of the showing on the other factors." *Campbell*, 510 U.S. at 591.

## IV. CONCLUSION

DiCaprio has established that the use of CNN's Video in the subject Instagram Post constituted fair use under 17 U.S.C. § 107. DiCaprio respectfully requests that the Court grant this Motion to Dismiss Plaintiff's Amended Complaint.

Dated: December 2, 2024

By: */s/ Robert M. Barta*
Robert M. Barta, Esq.
BARTA | GOLDBERG
1801 Century Park East, Suite 1200
Los Angeles, CA 90067
T: 310-479-1454
F: 310-478-1439
rbarta@bartagoldberg.com

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Leonardo DiCaprio, certifies that this brief contains 2,602 words, which complies with the word limit of L.R. 11-6.1.

                              */s/ Robert M. Barta*
                                  **Robert M. Barta**

# **CERTIFICATE OF SERVICE**

On December 2, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Central District of California, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/ Robert M. Barta*
**Robert M. Barta**